UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED PROPERTY & CASUALTY
INSURANCE COMPANY, ALEJANDRO
GONZALEZ and HAYDEE CRUZ,

       Plaintiffs,

v.                              Case No:  6:14-cv-1987-Orl-41TBS

A&E FACTORY SERVICE, LLC and
SEARS, ROEBUCK & CO,

       Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiffs' Motion for Leave to Amend (Doc 5) and Plaintiffs' Memorandum in Support of their Motion for Leave to Amend, which the Court construes in part as a Motion to Remand (Doc. 12).   Upon due consideration I respectfully recommend that the motions be DENIED.

## I.  Background

In May 2013, Plaintiffs Alejandro Gonzalez and Haydee Cruz purchased a new Whirlpool brand gas range from Defendant Sears, Roebuck & Co. ("Sears").   (Doc. 2, ¶ 9).   Soon after buying the stove, they noticed that it burned too strongly, causing a "high flame" condition (Id., ¶ 12).   They reported this to Sears which asked Defendant A&E Factory Service, LLC ("A&E") to send someone to service the problem.   (Id., ¶ 9).   A&E sent its technician Nelson Caballero, who installed a conversion kit and made some repairs.   (Id., ¶¶ 11-12, 15).   After he completed his work, Caballero told Gonzalez and Cruz that the stove "tested ok" and was in perfect working condition.   (Id., ¶ 15).   Less than three months later, the stove malfunctioned and an explosion occurred, injuring

Gonzalez and damaging the home and its contents.   (Id., ¶ 17).   Pursuant to a homeowner's insurance policy it had issued to Gonzalez and Cruz, Plaintiff United Property & Casualty Insurance Co. ("UPC") covered the property damage that resulted from the explosion.   (Id., ¶¶ 8, 27-28).

On August 27, 2014, Gonzalez, Cruz, and UPC (as subrogee) sued Sears and A&E in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, seeking to recover for the injuries they incurred as a result of the accident.   (Doc. 2).   On October 17, Sears and A&E answered the complaint and served requests for admissions asking Plaintiffs to admit they are seeking damages excess of $75,000.   (Doc. 1, ¶ 13; Docs. 3, 4).   On November 25, Plaintiffs served their responses, admitting that they are seeking more than $75,000.   (Doc. 16 at 21).   Approximately 90 minutes later, Plaintiffs' counsel served his clients' motion for leave to amend their complaint to add Caballero as a defendant.   (Id., at 22).   On December 1, Sears and A&E removed the case to this Court based upon the existence of diversity jurisdiction, 28 U.S.C. § 1332.   (Doc. 1).

On December 3, 2014, I entered an Order explaining that the notice of removal inadequately alleged the citizenship of Defendant A&E, and I directed Defendants to make a supplemental filing setting forth A&E's citizenship.   (Doc. 9).   In the same Order, I directed the parties to submit supplemental briefing on the following issues: (1) whether amendment is appropriate under Rule 15(a); (2) whether joinder of Caballero as a defendant is proper under Rule 20; (3) whether 20 U.S.C. § 1447(e) grants the Court discretion to deny joinder where the plaintiff moved to add the non-diverse party before the case was removed to federal court; and (4) if the Court does have the discretion to deny joinder, whether it should do so in this case.   (Id.).

Defendants have informed the Court that A&E is a wholly-owned subsidiary of Sears and that its citizenship is therefore the same as that of Sears.  (Doc. 11).  Based upon this response, I am satisfied that the Court has diversity jurisdiction over this controversy.

Plaintiffs filed a memorandum in support of their motion for leave to amend, which addresses the issues identified in my Order and argues that removal was untimely because Plaintiffs' pre-suit communications put Defendants on notice that § 1332's amount in controversy requirement was satisfied.  (Doc. 12).  Defendants have filed a response in opposition to Plaintiffs' motion for leave to amend and the issues are ripe for determination.  (Doc. 16).

## II.  Discussion

### A. Timeliness of Removal

Plaintiffs argue that removal was untimely under 28 U.S.C. § 1446(b) and the case should be remanded because Defendants knew at the time the suit was filed that Plaintiffs sought more than $75,000, but failed to remove the case within 30 days of being served.  (Doc. 12, pp. 11-12).  The removal statute provides that a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]."  28 U.S.C. § 1446(b)(1).  But, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Plaintiffs do not argue that the "case stated by the initial pleading" was removable. Rather, they maintain that "copious communications," including a demand letter dated

March 27, 2014, constitute "other paper[s]" from which Defendants should have "ascertained that the case is one which is ... removable."   (Doc. 12, p. 12; Doc. 12-3). The problem with this argument is that communications exchanged before a lawsuit is filed are not "other paper[s] from which it may first be ascertained that the case is one which is ... removable" for purposes of § 1446(b)(3).   Stephenson v. Amica Mutual Ins. Co., No. 6:14-cv-978-Orl-37KRS, 2014 WL 4162781, at *2 (M.D. Fla. Aug. 21, 2014); Village Square Condominium of Orlando, Inc. v. Nationwide Mutual Fire Ins. Co., No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4855700, at *3 (M.D. Fla. Dec. 10, 2009); Negron v. Sears Roebuck & Co., No. 2:06-cv-34-FtM-33SPC, 2006 WL 1169697, at *1 (M.D. Fla. May 2, 2006); Depina v. Iron Mountain Information Management, Inc., No. 3:05-cv-219-J-25MMH, 2005 WL 1319231, at *1 (M.D. Fla. June 1, 2005); Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).   As the court in Chapman explained, "if an 'other paper' is to start the thirty-day time period [under § 1446(b)(3)], a defendant must receive the 'other paper' after receiving the initial pleading."   969 F.2d at 164.   Defendants received Plaintiffs' admission that the case was one for more than $75,000 on November 25, 2014, and removed the case on December 1, 2014.   Plaintiffs have identified no "other paper" received by Defendants after service of the complaint that demonstrated that the amount in controversy in this case exceeded $75,000.   Therefore, I recommend the Court find that Defendants' notice of removal was timely filed.

      B. Leave to Amend to Add Non-Diverse Defendant

      Rule 15 of the Federal Rules of Civil Procedure governs amendment of the pleadings.   A plaintiff may amend its complaint "once as a matter of course" up to 21 days after service of the plaintiff's complaint or the defendant's responsive pleading or Rule 12 motion."   FED. R. CIV. P. 15(a)(1).   Otherwise, leave to amend requires "the

opposing party's written consent or the court's leave."   FED. R. CIV. P. 15(a)(2).   "The

court should freely give leave when justice so requires."   Id.   Rule 15's liberal standard

for amendment "'severely restrict[s]'" the district court's discretion to deny leave to

amend.   Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (quoting Dussouy

v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1981)).

When the plaintiff's proposed amended complaint raises a claim against a party

not named as a defendant in the original complaint, the Court must consider whether

joinder of the new party as a defendant is procedurally proper and whether the Court has

jurisdiction over the claims raised against the proposed new defendant.   Rule 20(a)(2) of

the Federal Rules of Civil Procedure allows joinder of defendants where the plaintiff

asserts "any right to relief ... against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and ... any question of law or fact common to all defendants will arise in the

action."   Joinder of Caballero is clearly proper since Plaintiffs seek to assert a negligence

claim against him and A&E under the doctrine of respondeat superior based on

Caballero's actions.

But, even if joinder of a new defendant is proper under Rule 20, the Court may not

entertain claims against the new defendant if it lacks subject matter jurisdiction over those

claims.   In a case where jurisdiction is based solely on diversity of citizenship, courts

may not exercise jurisdiction "over claims made by plaintiffs against persons made

parties under [Rule 20] when exercising supplemental jurisdiction over such claims would

be inconsistent with the jurisdictional requirements of § 1332."   28 U.S.C. § 1367(b).

Thus, a plaintiff who invokes federal diversity jurisdiction by suing in federal court will not

be permitted to add a non-diverse defendant.   Where the defendant invokes federal

diversity jurisdiction by removing the case, courts have discretion to allow joinder of a non-diverse defendant and remand the case, or deny joinder and retain jurisdiction.   28 U.S.C. § 1447(e).   A court may deny a diversity-destroying amendment in a removed case under § 1447(e) even where the amendment would be proper under Rule 15 and joinder would be proper under Rule 20.   City of Perth Amboy v. Safeco Ins. Co., 539 F. Supp. 2d 742, 746 (D.N.J. 2008) ("Although motions to amend are liberally granted under Rules 15(a) and Rule 20, a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction.").

Section 1447(e) offers no guidance on when a court should or should not allow joinder of a non-diverse defendant.   Most courts applying § 1447(e) have balanced "the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits."   Osgood v. Discount Auto Parts, LLC, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013) (quoting Small v. Ford Motor Co., 923 F. Supp. 2d 1354, 1356-57 (S.D. Fla. 2013)).   Factors relevant to this balancing test include "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities."   Henry v. K-Mart Corp., No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *5 (M.D. Fla. Dec. 9, 2010) (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)); Osgood, 955 F. Supp. 2d at 1355.

Plaintiffs argue that § 1447(e) does not apply because they filed their motion for leave to amend before the case was removed.   While Plaintiff's reading of § 1447(e) is textually plausible, the better construction of § 1447(e) is that it governs all situations in

which a defendant has removed a case and the plaintiff seeks to add a non-diverse defendant, regardless of when the plaintiff filed or served the motion to add the non-diverse defendant.   See Henry, 2010 WL 5113558, at *4 n. 2 (applying § 1447(e) even though motion to amend was initially filed in state court).

Plaintiffs insist that their purpose in attempting to add Caballero as a defendant is to achieve "full[] adjudication" of the case, rather than to defeat federal jurisdiction. (Doc. 12, p. 9).   They represent that, in "the preliminary stages of litigation," they "identified" Caballero "as an additional party who should be named as a defendant in this action."   (Id., p. 3 ¶ 9).   I do not believe Plaintiffs' representation.   In their original complaint, they identified Caballero as Defendants' repair man and asserted "vicarious liability negligence" claims against Defendants based on Caballero's negligence. (Doc. 2, ¶¶ 12, 35).   Thus, Plaintiffs' desire for "full adjudication" appears to be nothing more than a pretext for their real purpose in seeking leave to amend–returning this case to state court.   I also find that the filing of Plaintiffs' motion for leave to amend some 90 minutes after responding to Defendants' requests for admissions "strongly suggest[s] that the purpose of the requested amendment is to defeat federal diversity jurisdiction." Henry, 2010 WL 5113558, at *5.

Next, I find Plaintiffs' have been dilatory in seeking to amend their complaint. Plaintiffs knew of Caballero's potential liability when they filed their original complaint, but they attempted to join him as a defendant only months later, when it was clear that Defendants intended to remove the case to federal court.

Plaintiffs insist that denying their motion for leave to amend will deny them the "opportunity to test their claims against [Caballero] on the merits and to fully adjudicate this case."   (Doc. 12, p. 9).   This claim is simply wrong.   Nothing prevents Plaintiffs from

bringing a new lawsuit against Caballero in state court, should they conclude that such a lawsuit serves their interests.   The fact that Plaintiffs decided not to include Caballero as a defendant in their original complaint suggests that they see little to gain in litigating their claims against him, particularly since there has not been any suggestion that Defendants are not capable of satisfying any judgment Plaintiffs may obtain.   Cf. Osgood, 955 F. Supp. 2d at 1356 ("The likelihood that Plaintiff will actually pursue a claim in state court against [Defendant's] employee is remote given that the Defendant store appears to be a fully solvent Defendant.").   Therefore, I conclude that Plaintiffs are not likely to suffer any prejudice if the Court denies the motion for leave to amend.   Similarly, because parallel litigation is unlikely, allowing the amendment and remanding the case will not meaningfully serve judicial efficiency.   For these reasons I recommend that the Court deny Plaintiff's motion and retain jurisdiction over the case.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **DENY** Plaintiffs' Motion for Leave to Amend (Doc. 5) and **DENY** Plaintiffs' prayer for remand based on untimely removal contained in their Memorandum in Support of Remand (Doc. 12).

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 5, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

       Presiding United States District Judge
       Counsel of Record
       Any Unrepresented Parties